IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINALD JONES,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. RWT 16cv233 |
| **WELLS FARGO BANK, N.A.** | * | |
| *Defendant*. | * | |

## MEMORANDUM ORDER

On December 10, 2015, Plaintiff Reginald Jones filed a Complaint against the Defendant, Wells Fargo, in the Circuit Court for Montgomery County alleging violations of the Truth in Lending Act (TILA). ECF No. 2. Wells Fargo removed to this Court, ECF No. 1, and shortly after filed a Motion to Dismiss. ECF No. 12. The Court has reviewed the briefings and determines that no hearing is necessary. *See* Local Rule 105.6.

This is not the parties' first meeting in this Court. On February 3, 2011, the Court entered a memorandum opinion and order granting a Motion to Dismiss on the basis of res judicata. *Jones v. HSBC USA, N.A., et al.* (*Jones I*), No. 09-cv-2904 (D. Md. Feb. 3, 2011). This Court found both claim preclusion and issue preclusion were applicable based on the foreclosure proceedings. *Id.* at 5–10.

Jones now claims that the Supreme Court case of *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015) entitles him to overcome res judicata and litigate his TILA claim, which he did not bring in the 2011 action. *See* ECF No. 13, at 1. This argument fails. First, a change in case law "almost never warrants an exception to the application of res judicata." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 211 (4th Cir. 2013). Second, Jones does not dispute that this

action is another attempt to collaterally attack his foreclosure, an issue that was decided on the merits by the state court in 2009. *See* ECF No. 2 (listing as Jones' requested declaratory relief that he "be put back in title to the subject property as sole owner" and that the foreclosure be voided). As this Court explained in its previous order, "[t]he Maryland courts and this Court, applying Maryland law, have consistently held that res judicata bars collateral attacks on foreclosure judgments entered in the Circuit Courts." *Jones I*, No. 09-cv-2904, at *9 (listing cases). Jones appears to argue that *Jesinoski* held that once a borrower submitted his notice of rescission, the debt was extinguished "by operation of law," and therefore Wells Fargo "has no standing to challenge the already valid and effective rescission." ECF No. 13, at 1. Whether or not this is the correct interpretation of *Jesinoski*, the argument provides no assistance to Jones because his foreclosure has already been litigated twice. Nothing in *Jesinoski* entitles Jones to a third try.

Accordingly, it is, this 7th day of March, 2016, by the United States District Court for the District of Maryland

**ORDERED**, that Defendant's Motion to Dismiss [ECF No. 12] is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint [ECF No. 2] is **DISMISSED**; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE